```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF TEXAS
                         HOUSTON DIVISION


GABRIEL DARRAMON, a.k.a.      §
GABRIEL DARROMAN,             §
TDCJ-CID #630371,             §
                              §
          Plaintiff,          §
                              §   CIVIL ACTION NO. H-06-0270
v.                            §
                              §
SHANTA CRAWFORD, et al.,      §
                              §
          Defendants.         §
```

## MEMORANDUM OPINION AND ORDER

Gabriel Darramon, a.k.a. Gabriel Darroman, a felon incarcerated in the Ellis I Unit of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a Complaint naming TDCJ-CID officials along with the TDCJ-CID Medical Department and Dental Department as defendants. Darramon asserts that he cannot speak English, and the court's interpreter has reported that some of his Spanish statements have been difficult to decipher. Pursuant to Haines v. Kerner, 92 S.Ct. 594 (1972), the court has liberally construed Darramon's pleadings and has allowed him to submit a more definite statement, which is written in Spanish.

After reviewing Darramon's original Complaint, his Amended Complaint, and his court-ordered more definite statement, the court will dismiss part of the claims as frivolous and retain the

remainder for further consideration after the defendants have had an opportunity to file a response.

## I.   Claims, Allegations, and Relief Sought

Darramon's complaint centers on his allegation that he has been denied dentures.  He asserts that he has no teeth and has requested dentures from the Dental Department, which has refused his request.  See original Complaint, Docket Entry No. 1, at 3.  He states that he suffers severe pain in the facial area but that the Medical Department has done nothing to help him.  Id.  Darramon also asserts that he has been seen by health care providers but noone has assisted him in obtaining dentures in spite of his obvious need for them.  See English translation of more definite statement, Docket Entry No. 20-2, at 2.  He alleges that he has lost weight due to his inability to chew his food without dentures. (Docket Entry No. 6 at 4)

Darramon contends that the denials are the result of deliberate indifference because of his inability to speak English. See Amended Complaint, Docket Entry No. 6, at 3.  He claims that other inmates who already have dentures are given new ones. Darramon names the following individuals as defendants with regard to his claim that he has been denied dentures and other medical attention:

    Shanta Crawford, Head of Medical Personnel at Ellis I
    Alfredo Mayuman, Physician's Assistant at Ellis I
    Charles Nagle, Physician's Assistant at Ellis I

    Ms. Brown, Dentist at Ellis I
    Mr. Box, Dentist at Ellis I
    Elizabeth Connell [Katherine McConnell], Nurse at Ellis I

In addition, Darramon names the TDCJ-CID Dental Department and Medical Department as defendants.

Darramon also complains that he has been unfairly disciplined. He complains that he has lost 695 days of good-time credit and that he has been denied early release because of the actions taken against him. He names the following officials -- involved in the prison disciplinary process -- who are alleged to be responsible for the deprivations:

    Donna K. Cabeen, Disciplinary Captain
    J. Ebner, Counsel Substitute

Darramon alleges that the defendants have denied him due process during administrative hearings that have resulted in loss of good time and other sanctions. Darramon states that he is in TDCJ-CID pursuant to a conviction for possession of cocaine and that he is eligible for release under mandatory supervision.

Darramon seeks an order requiring the defendants to provide him with dentures. (Docket Entry No. 6 at 12) He also seeks restoration of his classification and good time and any other relief that the court deems to be proper. Id.

## II. Analysis

Darramon asserts two claims, denial of medical care with regard to his need for dentures and denial of due process with

regard to prison disciplinary charges against him.  With regard to the denial of dentures claim, a prison inmate is entitled to basic health care under the Eighth Amendment and is entitled to relief under 42 U.S.C. § 1983 if prison officials are deliberately indifferent to his serious medical needs.  Estelle v. Gamble, 97 S.Ct. 285, 292 (1976).  A serious need is one that has been diagnosed by a physician or one that is obvious even to a layman. Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997). Although missing teeth do not always constitute a serious medical need, Darramon's allegation of severe pain accompanied by weight loss indicates a condition that merits attention from a dentist or other health care provider.  Farrow v. West, 320 F.3d 1235, 1244-45 (11th Cir. 2003).  If the defendants caused Darramon to suffer unnecessary pain because they knowingly ignored the fact that he had no teeth, they could be found to be deliberately indifferent in violation of Darramon's constitutional rights.  Id.  Therefore, the above-named individual defendants will be ordered to file a response to Darramon's allegation that he has been denied dentures. The TDCJ-CID Dental and Medical Departments will be dismissed because, as government agencies of the State of Texas, they are immune from Darramon's suit on Eleventh Amendment grounds and are not proper parties in this action.  See Aguilar v. Texas Department of Criminal Justice, 160 F.3d 1052, 1054 (5th Cir. 1998); Hirtz v. State of Texas, 974 F.2d 663 (5th Cir. 1992).

Darramon's other claim involves his allegation that he has been wrongly disciplined and has been deprived of good-time credit, which has lengthened the amount of time he must serve. A claim for damages under 28 U.S.C. § 1983 must be dismissed when the plaintiff is attacking the validity of his conviction and has not shown that the conviction has been overturned. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Heck applies to prison disciplinary proceedings that affect the length of time an inmate must serve. Edwards v. Balisok, 117 S.Ct. 1584, 1589 (1997). Darramon's pleadings indicate that he has not successfully sought to overturn the results of the disciplinary hearings of which he complains. Therefore, Darramon's claim regarding the disciplinary proceedings in which he lost good-time credit cannot be considered in a civil rights proceeding until he obtains relief in an appropriate proceeding such as a petition for a writ of habeas corpus. Moreover, other than the loss of good-time credit, any punishments that may have been given to Darramon pursuant to the disciplinary hearings (placement in administrative segregation, temporary loss of privileges, and demotion in classification) are not actionable. See Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995); Malchi v. Thaler, 211 F.3d 953 (5th Cir. 2000). Therefore, Darramon's claims regarding the validity of the disciplinary proceedings will be dismissed as frivolous because they have no basis in law. See Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. 1994).

### III. Conclusion and Order

The court **ORDERS** the following:

1. Darramon's claim regarding denial of medical care is **RETAINED**, and defendants Crawford, Mayuman, Nagle, will be ordered to answer the allegations in a separate order.

2. Darramon's claim regarding the prison disciplinary hearings is **DISMISSED** as frivolous. 28 U.S.C. § 1915(e). All other defendants, including Cabeen, Ebner, the TDCJ-CID Medical Department, and the TDCJ-CID Dental Department, are **DISMISSED**.

3. The Motion to Amend Complaint (Docket Entry No. 7) is **DENIED without prejudice** to being reurged if plaintiff files a proposed amended complaint, in English, with the motion.

**SIGNED** at Houston, Texas, on this 2nd day of February, 2007.

SIM LAKE
UNITED STATES DISTRICT JUDGE