IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GABRIEL DARRAMON, | § | |
| TDCJ-CID #630371, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. H-06-0270 |
| v. | § | |
| | § | |
| SHANTA CRAWFORD, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Gabriel Darramon, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID) filed this civil rights action claiming that TDCJ-CID officials violated his constitutional rights. Defendants Shanta Crawford, Alfredo Mayuman, and Charles Nagle have filed a Motion for Summary Judgment (Docket Entry No. 35) supported by records and affidavits. For the reasons explained below, defendants' motion will be denied.

## I.   Procedural History, Claims, and Arguments

Darramon asserts that he cannot communicate in English and has had to rely on others to translate for him.  The court has allowed him to submit some of his pleadings in Spanish and has liberally construed them pursuant to standards appropriate for pro se parties.  See Haines v. Kerner, 92 S. Ct. 594, 596 (1972).  After reviewing the allegations asserted in the Complaint Under 42 U.S.C.

§ 1983 (Docket Entry No. 1), the Amended Complaint (Docket Entry No. 6), and Darramon's response to the Order for More Definite Statement (Docket Entry No. 14), the court issued a Memorandum Opinion and Order (Docket Entry No. 21) in which all claims were dismissed as frivolous with the exception of Darramon's complaint that he was denied treatment for a serious medical need -- dentures.

Darramon asserts that he has no teeth, that he experienced weight loss, and suffers severe pain in the facial area.  He claims that he has notified the Medical Department of his difficulties, but nothing has been done to help him.  Although prison inmates are not entitled to have every medical need met, and dental problems may not always constitute a 'serious medical need,' Darramon has alleged that he has suffered pain and injury as a result of not having any teeth -- an impairment that could be remedied by prison health service workers.  The court found that Darramon's allegation that he was denied false teeth was not necessarily a frivolous claim and merited a response by custodial officials.  See Docket Entry No. 21 at 4, <u>citing</u> <u>Farrow v. West</u>, 320 F.3d 1235, 1244-45 (11th Cir. 2003).

The defendants have filed a Motion for Summary Judgment and have attached medical records as well as an affidavit from a physician and a copy of TDCJ's Dental Health Policy.  Docket Entry No. 35, Exhibits A, B, and C.  The defendants admit that Darramon

-2-

does not have any teeth, but they have not given him dentures because they are not medically necessary.  Darramon filed a motion for extension of time to answer the motion and an extension was granted.  However, no response was ever filed despite the fact that Darramon has been ordered to file one.  As noted above, Darramon professes an inability to communicate in English, and his written statements indicate Darramon may lack the ability to marshal facts and arguments as well as a general incomprehension of what he may be trying to convey to the court.

## II.  Summary Judgment Standards

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  In deciding a motion for summary judgment, the court must determine whether the pleadings and records indicate if there is a genuine issue regarding any material fact and whether the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994).

The party moving for summary judgment has the initial burden of demonstrating the absence of a material fact issue.  Kee v. City of Rowlett, Tex., 247 F.3d 206, 210 (5th Cir. 2001).  To meet this

-3-

burden, the movant must present evidence that shows that the non-movant cannot carry its burden of proof at trial.  <u>Smith v. Brenoettsy</u>, 158 F.3d 908, 911 (5th Cir. 1998).  The movant may accomplish this by showing that the non-moving party has presented no evidence in support of his claim.  <u>Stahl v. Novartis Pharmaceuticals Corp.</u>, 283 F.3d 254, 263 (5th Cir. 2002).  Once the movant has met this burden, the burden shifts to the non-movant to present specific facts showing that there is a genuine issue for trial; otherwise, summary judgment will be entered in favor of the movant.  <u>Hart v. Hairston</u>, 343 F.3d 762, 764 (5th Cir. 2003).

More than eight months have passed since the defendants filed their motion for summary judgment, more than seven months have passed since the court granted the plaintiff permission to file a response to the pending motion, and more than six months have passed since the response was due on July 18, 2007.  Local Rule 7.3 provides that: "Opposed motions will be submitted to the judge twenty days from filing without notice from the clerk and without appearance by counsel."  S.D. Tex. R. 7.3 (2000).  Local Rule 7.4 provides:

> Failure to respond will be taken as a representation of no opposition.  Responses to motions
>
> A.   must be filed by the submission day,
>
> B.   must be written,
>
> C.   must include or be accompanied by authority, and
>
> D.   must be accompanied by a separate form order denying the relief sought.

-4-

In accordance with Local Rule 7.4, the court takes plaintiff's failure to respond to the defendant's motion for summary judgment as a representation of no opposition to defendant's summary judgment evidence.  However, the court is aware of the plaintiff's limitations and will not grant summary judgment by default simply because there is no opposition to the motion because there may be gaps in the defendants' argument and evidence that would preclude a summary judgment.

### III.  <u>Analysis</u>

Pursuant to the Eighth Amendment's prohibition against cruel and unusual punishment, Darramon has a right of access to assistance for his serious medical needs.  <u>Estelle v. Gamble</u>, 97 S. Ct. 285, 290 (1976).  "A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required."  <u>Gobert v. Caldwell</u>, 463 F.3d 339, 345 n.12 (5th Cir. 2006); <u>see also</u> <u>Gutierrez v. Peters</u>, 111 F.3d 1364, 1373 (7th Cir. 1997).  The need for dentures can constitute a serious medical condition in some instances.  <u>Farrow</u>, 320 F.3d at 1244-45.  Although Darramon is not entitled to prompt medical attention for every whim and complaint, his custodians are obligated to treat those conditions that pose a substantial risk to his health or subject him to unnecessary pain and suffering.  <u>See</u> <u>Chance v. Armstrong</u>, 143 F.3d 698, 702 (2d Cir.

-5-

1998) (dental care).  Darramon's missing teeth may not be a life-
threatening condition, but the failure of defendants to take action
may have a significant impact on Darramon's health and may
unnecessarily inflict pain, which may constitute deliberate
indifference.  Id.  It is easy to recognize the seriousness of an
inmate's complaint concerning a painful dental condition that needs
attention.  "Any person who has spent a night tossing and turning
in suffering from an abscessed tooth knows that dental pain can be
excruciatingly severe."  Id.

The defendants admit that Darramon does not have any teeth but
assert that the University of Texas Medical Branch (UTMB) does not
issue dentures to a TDCJ-CID inmate unless the dentures are
medically necessary.  Docket Entry No. 35 at 6.  According to the
defendants' expert, Dr. Betty Williams (Docket Entry No. 35,
Exhibit B), UTMB requires proof that the inmate is malnourished
either through weight loss or laboratory evidence of a
malnourishment condition such as anemia, low serum albumin, or low
cholesterol.  Id.  Williams asserts that Darramon actually gained
weight since he was admitted to TDCJ-CID.  Also, numerous lab tests
do not reveal any malnourishment.  The defendants further argue
that they were not deliberately indifferent to his needs because
his complaints were promptly evaluated and treated.

The court has reviewed the portion of Darramon's records
(Exhibit A) that the defendants submitted.  Included are several
handwritten requests from Darramon indicating that he cannot chew

-6-

the food given him and that he is getting sick from eating it. Exhibit A at 36-38.  He also states that his gums are swollen and sore, and he requests a bland/soft diet until he gets dentures. Id.  The defendants have shown that Darramon's weight was taken and various tests were made, but there is no reference to his complaints about the pain or the conditions of his mouth, particularly his gums.

The United States Court of Appeals for the Fifth Circuit has held that an inmate may have a serious need for dentures if their absence has caused him to suffer from bleeding gums and digestive problems.  Williams v. Mason, 210 Fed. Appx. 389 (5th Cir. Dec. 14, 2006), citing Farrow, 320 F.3d 1235; Wynn v. Southward, 251 F.3d 588, 593 (7th Cir. 2001); Hunt v. Dental Dept., 198, 200 (11th Cir. 1989).  The Fifth Circuit has also rejected the position that dentures may be denied to a prison inmate solely on the grounds that he has not lost any weight.  Vasquez v. Dretke, 226 Fed. Appx. 338 (5th Cir. Mar. 9, 2007).  Prison inmates shall not be denied medical attention, which leads to "unnecessary and wanton infliction of pain."  Id. at 340, citing Estelle, 97 S. Ct. at 291. In light of the defendants' evidence, which contains records of Darramon's complaints -- swollen gums and digestive difficulties accompanied by pain and soreness --, the court finds that Darramon has made known a serious medical need regarding the condition of his mouth, which was not addressed by the defendants.

-7-

The defendants have asserted the defense of qualified immunity in their Motion for Summary Judgment.  "The doctrine of qualified immunity protects government officials in their individual capacities from civil liability for damages based upon the performance of their discretionary duties.  Thompson v. Upshur County, Tex., 245 F.3d 447, 456 (5th Cir. 2001).  To overcome qualified immunity, Darramon must show that: (1) the defendants violated his constitutional rights, and (2) the law was clearly established at the time of the violation.  Simmons v. City of Paris, Tex., 378 F.3d 476, 479 (5th Cir. 2004).  Darramon has satisfied the first element since he has alleged a constitutional violation.  However, the second element does not appear to have been met because the alleged violations, which allegedly occurred before 2006, preceded the issuance of the relevant Fifth Circuit decisions[1] and the defendants may not have had clear notice that their actions were unconstitutional.  See Hope v. Pelzer, 122 S. Ct. 2508, 2516 (2002) (The "salient question" is whether the state of the law gave the defendants "fair warning" that their alleged conduct was unconstitutional.); Cozzo v. Tangipahoa Parish Council--President Government, 279 F.3d 273, 284 (5th Cir. 2002) ("The defendant's acts are held to be objectively reasonable unless all reasonable officials in the defendant's circumstances would have then known that the defendant's conduct violated the"

---

[1]See Vasquez (Mar. 9, 2007); Williams (Dec. 14, 2006).

-8-

plaintiff's asserted constitutional or federal statutory right."), citing Thompson at 457.

Although defendants are protected from liability for monetary damages, they are not entitled to dismissal of this action because qualified immunity does not protect them from requests for injunctive relief. See Williams v. Ballard, 466 F.3d 330, 334 n.7 (5th Cir. 2006), citing Orellana v. Kyle, 65 F.3d 29, 33 (5th Cir. 1995). In his pro se complaint Darramon states that he seeks "an injunction resfraining [sic] Ellis I Unit Medical/Dental Dept. from denying said treats [sic]." The court interprets Darramon's artless pleading to be a request for dentures or other suitable treatment. Therefore, Defendants' Motion for Summary Judgment (Docket Entry No. 35) will be granted with regard to the defendants' liability for damages in their individual capacities but denied with regard to Darramon's claims for injunctive relief.

As noted in this Memorandum Opinion and Order, Darramon has had difficulty in communicating with the court. Before establishing a trial schedule the court believes that a hearing permitting the parties to present their arguments and evidence to the court in person would serve the interests of justice. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997); Martinez v. Aaron, 570 F.2d 317 (5th Cir. 1978); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

-9-

## IV.   Conclusion and Order

Therefore, the court **ORDERS** the following:

1.   Defendants' Motion for Summary Judgment (Docket
     Entry No. 35) is **DENIED** in part and **GRANTED** in
     part.

2.   Defendants Shanta Crawford, Alfredo Mayuman, and
     Charles Nagle are **ORDERED** to appear with their
     attorney and a dental official from the UTMB at a
     Spears hearing to be held on February 20, 2008, at
     1:00 p.m., in Courtroom 9-B, 9th Floor,
     United States Courthouse, 515 Rusk, Houston, Texas.

3.   The TDCJ-CID is **ORDERED** to transport Darramon to
     the United States Courthouse in Houston where the
     hearing is to be held and to make him available at
     the hearing.

**SIGNED** at Houston, Texas, on this 30th day of January, 2008.

                                    SIM LAKE
                      UNITED STATES DISTRICT JUDGE